UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CR-586 (CEJ) |
| | ) |
| KELLY VANDYKE LOVE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Terry I. Adelman for determination and recommended disposition, where appropriate. On January 5, 2007, Judge Adelman issued a Memorandum and Recommendation with respect to the disposition of the motion to suppress evidence and statements filed by defendant Kelly Vandyke Love. Thereafter, the defendant filed timely objections to the Report and Recommendation. The Court, thus, reviews de novo the proposed findings and recommendations of the Magistrate Judge as to which objections have been made. 28 U.S.C. §636(b)(1).

The evidence adduced at the suppression hearing before Judge Adelman concerned a warrantless search of the defendant's vehicle which led to the defendant's arrest. On September 22, 2006, Detective Gary Sodomo of the St. Louis County Police Department

conducted a surveillance of the defendant and his vehicle at a motel in Woodson Terrace. Based on his observations of the defendant's conduct and based on information he received from the motel clerk, Det. Sodomo came to suspect that the defendant might be transporting drugs. Thus, Det. Sodomo requested other officers to stop the defendant's car if they observed a traffic violation.

When the defendant drove from the motel, officers followed him. When the defendant drove onto the Interstate 70 without making a left signal to merge onto the highway, the officers stopped him and had him pull over to the side of the road. Until the traffic violation occurred, Det. Sodomo had not seen the defendant engaged in any illegal activity. Det. Sodomo approached the defendant and asked him questions about where he was from, his destination, his employment and where he was staying. He also asked the defendant whether he was carrying any cash, drugs or weapons. The defendant was unable to answer some questions that one would reasonably expect him to answer (*e.g.*, the location of the funeral he said he had traveled from Texas to attend, his job duties as a nurse). He stated that he had been required to change rooms at the motel and that he had never been arrested. Det. Sodomo knew both of these statements were false. The defendant described a circuitous route that he had taken from Dallas to St. Louis, and he was staying at a motel that was a long distance from his destination. The defendant was then asked whether the police

could search his vehicle.  In response, he gave the police permission to search the car and he volunteered that they could also search his luggage at the motel.  The search of the car yielded a kilogram of cocaine.

Judge Adelman, after hearing the testimony, concluded that the search of the defendant's vehicle did not violate the Fourth Amendment, and that there was no requirement that the <u>Miranda</u> warnings be given because the defendant was not in custody when he was questioned by Det. Sodomo.  The defendant objects to these conclusions, arguing that there was no probable cause for the search and that the traffic stop was used to give the officers a reason to search the defendant's car.  Here, there is no dispute that the defendant committed a traffic violation.  As such, there was probable cause to stop his vehicle. <u>United States v. Bloomfield</u>, 40 F.3d 910, 915 (8th Cir. 1994)(en banc), *cert. denied*, 514 U.S. 1113 (1995). The  fact that Det. Sodomo hoped that the defendant would commit a traffic violation that would allow the police to stop his vehicle did not render the stop unconstitutional. <u>Whren v. United States</u>, 517 U.S. 806, 812-815 (1996)(constitutional reasonableness of a traffic stop does not depend on the actual motivations of the police officers involved); <u>United States v. Mazza</u>, 93 F.3d 1390, 1396 (8th Cir. 1996).

After the defendant was stopped, the officers were permitted to conduct a reasonable investigation that included asking the

defendant about his "destination and purpose." Bloomfield, 40 F.3d at 915. See also, United States v. Johnson, 58 F.3d 356, 357 (8th Cir. 1995). Further, "if the responses of the detainee and the circumstances give rise to suspicions unrelated to the traffic offense, an officer may broaden his inquiry and satisfy those suspicions." United States v. Barahona, 990 F.2d 412, 416 (8th Cir. 1993). Here, Det. Sodomo observed the defendant behaving suspiciously at the motel. After the traffic stop, the defendant's suspicious behavior continued with his inability to answer simple questions and his false statements. Under the circumstances, it was permissible for Det. Sodomo to broaden his inquiry and to ask questions unrelated to the traffic violation, such as whether the defendant was carrying any contraband and whether he would allow a search of his vehicle.

Finally, the evidence supports the conclusion that the defendant voluntarily consented to the search of his vehicle. As such, no warrant was required, and the search did not violate the Fourth Amendment. Schneckloth v. Bustamonte, 412 U.S. 164 (1973).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Terry I. Adelman is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion of defendant Kelly Vandyke Love to suppress evidence and statements [Doc. #18] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 26th day of January, 2007.